**UNITED STATES DISTRICT COURT**
**FOR DISTRICT OF SOUTH CAROLINA**

KENNETH HAYNES,          )
                         )
        Plaintiff,       )
                         )   Case No.: 2:11-1339-DCN
        v.               )
                         )
NORTHSTAR LOCATIONS SERVICES, )
LLC,                     )
                         )
        Defendant.       )
                         )

## VERIFIED COMPLAINT

KENNETH HAYNES (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against NORTHSTAR LOCATION SERVICES, LLC, (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Defendant conducts business in the state of South Carolina, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

### PARTIES

5. Plaintiff is a natural person residing in South Carolina.

6. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to

- 1 -

PLAINTIFF'S COMPLAINT

Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

7. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

8. Defendant is a national company with its headquarters in Cheektowaga, New York.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendant placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

11. Defendant would call Plaintiff at least twice per day almost five days per week.

12. Plaintiff told Defendant that he was unable to pay the debt.

13. Despite being notified that Plaintiff was unable to pay the debt, Defendant continued calling Plaintiff seeking and demanding payment for the alleged debt.

14. Defendant contacted Plaintiff's neighbor, Carol Burton at 843-650-7916, and disclosed Plaintiff's outstanding debt from Citi Financial, account number and payment history.

15. Defendant continued to contact Plaintiff's neighbor, Carol Burton, after Plaintiff asked Defendant to stop calling her.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

16. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692b(1)* of the FDCPA by communicating with Plaintiff's neighbor and failing to identify himself and state that he is confirming or correcting location information.

    b. Defendant violated *§1692b(2)* of the FDCPA by communicating with Plaintiff's

       neighbor and stating that Plaintiff owes a debt.

c. Defendant violated *§1692b(3)* of the FDCPA by communicating with Plaintiff's neighbor more than once without permission to do so and without reasonable belief that the earlier response was erroneous or incomplete.

d. Defendant violated *§1692c(b)* of the FDCPA by communicating with Plaintiff's neighbor in connection with the collection of Plaintiff's debt.

e. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

f. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

g. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by contacting Plaintiff's neighbor and revealing Plaintiff's debt and information.

WHEREFORE, Plaintiff, KENNETH HAYNES, respectfully requests judgment be entered against Defendant, NORTHSTAR LOCATIONS SERVICES, LLC, for the following:

17. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

18. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

19. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, KENNETH HAYNES, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: June 1, 2011                    KROHN & MOSS, LTD.


By:   /s/ Chauntel Bland
      Chauntel Bland, Attorney-At-Law
      463 Regency Park Drive
      Columbia, SC 29210

**<u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>**

STATE OF SOUTH CAROLINA

Plaintiff, KENNETH HAYNES, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, KENNETH HAYNES,, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 5-19-11

KENNETH HAYNES